[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 20, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-13410
Non-Argument Calendar

_____

D. C. Docket No. 96-00111-CR-ORL-19DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAVELY BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 20, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Savely Brown appeals, <u>pro se</u>, the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for reduction of sentence. In 1996, Brown was convicted of:

(1) conspiracy to possess with intent to distribute approximately two kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (Count 1); (2) attempted possession with intent to distribute approximately two kilograms of cocaine, in violation of § 846 (Count 2); and (3) using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count 4). The presentence investigation report ("PSI") noted that Brown's offense involved "approximately 4 kilograms of cocaine hydrochloride," and calculated his base offense level as 30, pursuant to U.S.S.G. § 2D1.1(c)(5), the applicable guideline for a violation of § 846. We affirmed Brown's conviction and sentence, concluding that the evidence supported both the convictions and the district court's determination of the drug quantity.

In June 2005, Brown filed the instant pro se motion for reduction of sentence, pursuant to § 3582(c), arguing that, based upon the retroactive application of Amendment 591 of the Sentencing Guidelines, his sentence should be reduced. According to Brown, the sentencing court determined, contrary to the drug amount set forth in his indictment, that his offense involved at least 3.5 kilograms of cocaine, and, pursuant to § 2D1.1(c)(5), calculated his base offense level as 30. Brown argued that Amendment 591 "superceded" this approach, requiring the sentencing court to determine the applicable base offense level only

2

using the offense of conviction, and his offense of conviction solely established an incomplete attempt to possess with intent to distribute approximately 2 kilograms of cocaine, which should have resulted in a base offense level of 26, pursuant to § 2D1.1(c)(7). The district court summarily denied Brown's motion.

Because Amendment 591 of the Sentencing Guidelines only applies to the selection of the relevant offense guideline, not the selection of the base offense level within the applicable offense guideline, the district court did not abuse its discretion by denying Brown's § 3582(c)(2) motion, which was based upon his claimed entitlement to a different base offense level.

**AFFIRMED.**